UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED

| | |
|---|---|
| FRANK LABUZ and HARRIET LABUZ, ) | CIVIL ACTION NO. 04-30036-KPN |
| ) | |
| Plaintiffs, ) | U.S. DISTRICT COURT |
| ) | |
| v. ) | **ANSWER TO COMPLAINT** |
| ) | |
| CASCADES DIAMOND, INC., ) | |
| ) | |
| Defendant. ) | |

NOW COMES the Defendant, Cascades Diamond, Inc. and hereby submits this Answer to the separately numbered paragraphs of the Plaintiffs' Complaint as follows:

## I.    JURISDICTION

1.    With respect to paragraph 1, Defendant admits that the Plaintiffs have brought an action against Defendant alleging violation of ERISA, breach of contract and negligent misrepresentation.  Defendant denies the remaining allegation in this paragraph alleging "wrongful" conduct on the part of Defendant.

2.    With respect to paragraph 2, Defendant admits the allegation of jurisdiction.

## II.    PARTIES

3.    Defendant admits that Frank Labuz is a United States citizen who resides in Palmer, Massachusetts, Hampden County and is a former employee of the Defendant and that the Plaintiff was a "participant" in the Defendant's employee benefit plan as defined by 29 U.S.C. Section 1002(7).

4.      Defendant admits that Harriet Labuz is a United States citizen who resides in Palmer, Massachusetts, Hampden County and is a beneficiary of a welfare benefit plan sponsored by the Defendant and that the Plaintiff was a "participant" in the Defendant's employee benefit plan 29 U.S.C. Section 1002(7).

5.      Defendant admits that Cascades Diamond, Inc. is a Massachusetts corporation with a place of business in Thorndike, Massachusetts.

6.      Defendant admits that that it engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. Section 1002(5) and (12).

7.      Defendant admits that it is the "plan sponsor" and "plan administrator" (29 U.S.C. 1002(16)(A) and (B)) of a welfare benefit plan as defined within 29 U.S.C. 1002(3) and 1140.

8.      Defendant admits that it has at times maintained various employment benefit plans, including health insurance and life insurance plans for permanent full-time employees with continuing benefits for retired employees under the Defendant's retirement plan but denies the assertion, "at all relevant times", said plans have existed or continued.

### III.    FACTS

9.      With respect to paragraph 9, Defendant admits the allegation concerning Plaintiff Frank Labuz's age in September of 1994. Defendant denies the remaining allegation. By way of further response, Defendant states that Mr. Labuz had been on layoff status, along with

other employees, since on or about May 1994 when Mr. Reed offered him, in September 1994, the option of retirement as a means to preserve his retirement benefit. He accepted this option and the effective date of his retirement was December 1, 1994.

10.    With respect to paragraph 10, Defendant admits the existence of a letter dated September 13, 1994 containing the language cited by the Plaintiffs in this paragraph of the Complaint. Defendant is presently without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

11.    Defendant is presently without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11.

12.    Defendant is presently without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12.

13.    With respect to the allegation in paragraph 13, Defendant states that it appears that Mr. Reed, who no longer is an employee of Defendant, signed his name to the bottom of the September 13, 1994 letter as alleged. Defendant, however, leave the Plaintiffs to their proof with respect to this allegation.

14.    Defendant admits that on or about September 26, 1994 the Plaintiff received a letter from Lance Gauthier stating that Mr. Labuz would have no cost for his supplemental health insurance if he selected "the Bankers life plan" and that Ms. Harriet Labuz would remain

on Blue Cross Blue Shield HMO Blue as an individual for $50.00 contribution per month, per his discussions with Tom Reed.

15.    Defendant admits that Plaintiff, Frank Labuz, selected "Banker Life Plan" as his supplemental insurance carrier.

16.    Defendant denies that Plaintiff, Harriet Labuz, selected the "Kaiser Plan I" with a monthly premium of $27.97.

17.    Defendant denies paragraph 17. By way of further response, Defendant states that Plaintiff Harriet Labuz was mistakenly informed, in October 1995, that her premium cost would be $27.97 per month to maintain health insurance coverage when the correct rate that should have been communicated was $69.93 per month. This was the rate charged to other retirees and retiree spouses. In October 1996, when the Defendant's Benefits Coordinator, Lance Gauthier, attempted to correct the rate, the Plaintiff protested. In response, Ms. Labuz was offered the incorrect lower rate for coverage.

18.    Defendant admits that on or about October 17, 1997 Plaintiff, Harriet Labuz, was notified that she would no longer be offered medical benefits effective December 1, 1997. The Defendant included a COBRA notice advising Ms. Labuz that she could continue her coverage for 18 months provided she bore the full health insurance cost. Ms. Labuz had not reached sixty-five years of age when she received the COBRA notice.

5

19.     Defendant admits paragraph 19 with the exception that the notice was received on October 1997.

20.     Defendant admits that Plaintiffs filed suit in Federal District Court on May 24, 1999, Docket No. 99-30103, alleging ERISA violations and breach of contract and misrepresentation.

21.     Defendant admits that Plaintiffs executed a Settlement Agreement on January 5, 2000 but further states that Defendant executed the Settlement Agreement on January 11, 2000.

22.     Defendant states that 2a provides additional language. Defendant admits paragraph 2a of the Settlement Agreement includes the quoted language but denies the parsed and partial phrase constitutes the entire sentence, paragraph or agreement.

23.     Defendant states that 2b provides additional language. Defendant admits paragraph 2b of the Settlement Agreement includes the quoted language but denies the parsed and partial phrase constitutes the entire sentence, paragraph or agreement.

24.     Defendant admits that pursuant to the Settlement Agreement, Plaintiffs dismissed their claims in Federal District Court and Defendant reinstated life insurance and health insurance coverage for Frank Labuz and health insurance for Harriet Labuz.

25.    Defendant admits in paragraph 25 as much as that a letter from Mario Lacharite was sent to Frank Labuz but has no knowledge as to when said letter was received.

26.    Defendant admits in paragraph 26 as much as that a letter was received by Jennifer Moore but has no knowledge as to when the letter was forwarded.

27.    Defendant is presently without knowledge or information sufficient to admit or deny when Plaintiff's counsel received the letter from Attorney Melissa M. Shea and further states the letter speaks for itself.

28.    Defendant denies that their request for reconsideration of their health insurance and life insurance benefits was denied by the Defendant and that therefore the Plaintiffs have exhausted their administrative remedies.

29.    Defendant denies that it waived its right to modify the terms of the welfare benefit plan offered to the Plaintiffs.

30.    Defendant denies that it waived its right to terminate the welfare benefit plan offered to the Plaintiffs.

## COUNT I

## WRONGFUL TERMINATION OF VESTED WELFARE BENEFITS UNDER THE

## EMPLOYEE INCOME SECURITY ACT (ERISA), 29 U.S.C. § 1132(a)(1)(B).

31.     Defendant denies it violated 29 U.S.C. § 1132, by terminating their vested welfare benefits.

## COUNT II

## BREACH OF FIDUCIARY IN VIOLATION OF THE EMPLOYEE INCOME

## SECURITY ACT (ERISA), 29 U.S.C. § 1132(a)(3)

32.     Defendant denies that its decision to terminate the Plaintiffs' benefits constituted a violation of the terms of the plan or that the Defendant misrepresented the material terms of the welfare benefit plan and interfered with the Plaintiffs' vested benefits under the welfare benefit plan.

## COUNT III

## BREACH OF CONTRACT

33.     Defendant denies that it breached the settlement agreement by terminating health insurance and life insurance benefits prior to their death.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

34.     Defendant denies that its written representation to the Plaintiffs entitled Frank Labuz to free supplemental health insurance and life insurance coverage and entitled Harriet Labuz to coverage under an employer sponsored supplemental health insurance plan after reaching the age of 65.

35.     Defendant denies that it made any negligent misrepresentations.  Defendant is presently

without knowledge or information sufficient to admit or deny the remaining allegations in

paragraph 35.

## AFFIRMATIVE DEFENSES

1.     The purported contract (Count III) is void or unenforceable for lack of consideration.


2.     The purported contract (Count III) is void or unenforceable due to the lack of mutual

assent or understanding as to the essential terms of the alleged contract.


3.     Defendant reserves the right to assert that the federal ERISA law preempts counts III and

IV.


4.     Defendant reserves the right to assert that Plaintiffs have failed to mitigate alleged

damages.


5.     Defendant reserves the right to assert additional defenses to this lawsuit based on facts

and evidence obtained during discovery.

WHEREFORE, the Defendant respectfully requests that the Complaint be dismissed; that Plaintiffs take nothing and that Defendant be awarded such further relief as the Court deems appropriate.

Respectfully Submitted,

THE DEFENDANT
Cascades Diamond, Inc.
By its attorneys,
Sullivan, Hayes & Quinn,


Melissa M. Shea, Esq.
BBO# 564693
SULLIVAN, HAYES & QUINN
One Monarch Place – Suite 1200
Springfield, MA  01144-1200
Tel:  (413) 736-4538
Fax: (413) 731-8206

9

## CERTIFICATE OF SERVICE

I hereby certify that on August _16_, 2004 a true copy of the Defendant's Answer was served upon the attorney of record for each party by mailing a copy first class mail, postage prepaid to:

John D. Connor, Esq.
Moriarty and Connor, LLC
101 State Street, Suite 501
Springfield, MA 01103

Melissa M. Shea

10